**FITAPELLI & SCHAFFER, LLP**
Armando A. Ortiz
28 Liberty Street, 30th Floor
New York, New York 10005
Telephone: (212) 300-0375

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **JUAN TUY, individually and on behalf of all others similarly situated,** | |
| **Plaintiff,** | |
| **-against-** | **Case No: 1:20 Civ. 5230** |
| **MAJOR CLEANING, INC., and ADELSON DE SOUZA, individually,** | **COLLECTIVE AND CLASS ACTION COMPLAINT** |
| **Defendants.** | |

Juan Tuy ("Plaintiff"), individually and on behalf of all others similarly situated, as class representative, upon personal knowledge as to himself, and upon information and belief as to other matters, alleges as follows:

## NATURE OF THE ACTION

1.      This lawsuit seeks to recover minimum wages, overtime wages, and other damages for Plaintiff and all other similarly situated co-workers – cleaners who have worked on behalf of Major Cleaning, Inc ("Cleaners").

2.      Owned and Operated by Major Cleaning, Inc. and Adelson De Souza (collectively, "Major Cleaning" or "Defendants"), Major Cleaning provides full service commercial office cleaning, restaurant cleaning, kitchen cleaning, post construction cleaning and various other cleaning and building services.

3.      Based out of its corporate headquarters located at 68 Howland Avenue, Teaneck,

New Jersey 07666, Defendants operate provide services in New York, New Jersey, Massachusetts, and Florida.[1]

4.      Some of the well-known New York City restaurants serviced by Major Cleaning include, but are not limited to:  the Viceroy Hotel, 120 West 57th Street, New York, New York 10019; Rosa Mexicano, 61 Columbus Avenue at West 62nd Street, New York, New York 10023; Brooklyn Diner, 155 West 43rd Street, New York, New York 10036; Hillstone Restaurant, 378 Park Avenue S, New York, New York 10010; Bond 45, 221 West 46th Street, New York, New York 10036; and ilili, 236 5th Avenue, New York, New York 10001.

5.      Major Cleaning operates a central website – https://mymajorcleaning.com. This central website allows visitors to contact Major Cleaning to book cleaning services. Additionally, the website lists a single email address and phone number for customers to contact to book appointments at any location.[2]

6.      Defendants have been part of a single integrated enterprise that has jointly employed Plaintiff and other Cleaners. Defendants have maintained control, oversight, and direction over Plaintiff and similarly situated employees, including the ability to hire, fire, and discipline them.

7.      Defendants at all times have compensated Plaintiff and other Cleaners on a daily rate or day-rate basis.

8.      Defendants at all times have failed to compensate Plaintiff and other Cleaners at the full applicable minimum wage rate.

9.      Despite being non-exempt employees, Defendants have failed to properly pay

---

[1] *See* About Us, Major Cleaning Website (*available at* https://mymajorcleaning.com/about-us/) (last accessed June 18, 2020).
[2] *See* About Us, Major Cleaning Website (*available at* https://mymajorcleaning.com/contact/) (last accessed June 18, 2020).

Plaintiff and other Cleaners overtime compensation at 1.5 times their regular rate of pay when they work over 40 hours per workweek.

10.     Despite being manual workers, Defendants have failed to properly pay Plaintiff and other Cleaners in New York their wages within seven calendar days after the end of the week in which these wages were earned.

11.     In this regard, Defendants have failed to provide timely wages to Plaintiff and all other similarly situated Cleaners in New York.

12.     After complaining about his wages, Defendants retaliated against Plaintiff Juan Tuy by terminating his employment.

13.     Plaintiff brings this action on behalf of himself and similarly situated current and former Cleaners who elect to opt in to this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provisions of the FLSA by Defendants that have deprived Plaintiff and other similarly situated of their lawfully earned wages.

14.     Plaintiff also brings this action on behalf of himself and all other similarly situated Cleaners in New York pursuant to Federal Rule of Civil Procedure 23 ("Rule 23") to remedy violations of the New York Labor Law, Article 6, §§ 190 *et seq*., and Article 19, §§ 650 *et seq*., and the supporting New York State Department of Labor Regulations.

15.     Plaintiff, individually, also brings claims against Defendants for retaliation in accordance with the FLSA, 29 U.S.C. § 215(a)(3) and NYLL § 215(1)(a).

## THE PARTIES

**Plaintiff**

**Juan Tuy**

16.    Juan Tuy is an adult individual who is a resident of the State of New Jersey.

17.    Juan Tuy was employed by Major Cleaning as a Cleaner from on or about September 2014 through March 6, 2019.

18.    Juan Tuy is a covered employee within the meaning of the FLSA and the NYLL.

19.    A written consent form for Juan Tuy is being filed with this Complaint.

**Defendants**

20.    Defendants Major Cleaning, Inc. and Adelson De Souza have jointly employed Plaintiff and similarly situated employees at all times relevant.

21.    Each Defendant has had substantial control over Plaintiff's and similarly situated employees' working conditions, and over the unlawful policies and practices alleged herein.

22.    During all relevant times, Defendants have been Plaintiff's employers within the meaning of the FLSA and the NYLL.

**Major Cleaning, Inc.**

23.    Major Cleaning, Inc. is a foreign corporation organized and existing under the laws of New Jersey. It lists its business address of 68 Howland Avenue, Teaneck, New Jersey 07666.

24.    Major Cleaning, Inc. was and is a covered employer within the meaning of the FLSA and NYLL, and at all times relevant, employed Plaintiff and similarly situated employees.

25.    Major Cleaning, Inc. has maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but limited to, hiring, firing, disciplining, timekeeping, payroll, and other employment practices that applied to them.

4

26.     Major Cleaning, Inc. is the corporate payor that appears on the paystubs provided to Plaintiff and other Cleaners.

27.     Based on information and belief, Major Cleaning, Inc. owns and operates the company's central website, www.mymajorcleaning.com, which provides information about the company's services, the company's history, and allows customers to book cleaning appointments in any of the states in which the company operates.

28.     Major Cleaning, Inc. applies the same employment policies, practices, and procedures to all Cleaners in its operation, including policies, practices, and procedures with respect to payment of minimum and overtime wages.

29.     Upon information and belief, at all relevant times, Major Cleaning, Inc. has had an annual gross volume of sales in excess of $500,000.

**Adelson De Souza**

30.     Upon information and belief, De Souza is a resident of the State of New Jersey.

31.     At all relevant times, De Souza has owned and/or operated Major Cleaning, Inc.

32.     At all relevant times, De Souza maintains a direct and significant management role in Major Cleaning, Inc.

33.     At all relevant times, De Souza has been actively involved in managing the day to day operations of Major Cleaning.

34.     At all relevant times, De Souza has had the power to stop any illegal pay practices that harmed Plaintiff and similarly situated employees at Major Cleaning.

35.     At all relevant times, De Souza has had the power to transfer the assets and/or liabilities of the Major Cleaning.

36.     At all relevant times, De Souza has had the power the declare bankruptcy on behalf

of the Major Cleaning.

37.     At all relevant times, De Souza has had the power to enter into contracts on behalf of the Major Cleaning.

38.     At all relevant times, De Souza has had the power to close, shut down, and/or sell the Major Cleaning.

39.     De Souza is a covered employer within the meaning of the FLSA and the NYLL, and at all relevant times, has employed and/or jointly employed Plaintiff and similarly situated employees.

## JURISDICTION AND VENUE

40.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

41.     This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

42.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District and Defendants conduct business in this District.

## COLLECTIVE ACTION ALLEGATIONS

43.     Plaintiff brings the First and Second Causes of Action, FLSA claims, on behalf of himself and all similarly situated persons who work or have worked as Cleaners for Major Cleaning between September 24, 2016 and the date of the final judgment in this matter, and who elect to opt-in to this action (the "FLSA Collective").[3]

44.     Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate

---

[3] The period covered by the FLSA Collective is extended due to a pre-litigation tolling agreement entered into by the parties on December 9, 2019 and terminated on or around June 1, 2020.

Plaintiff and the FLSA Collective.

45.     Consistent with Defendants' policies and patterns or practices, Plaintiff and the FLSA Collective were not paid the proper minimum wage for all hours worked up to 40 per workweek and premium overtime compensation for all hours worked beyond 40 per workweek.

46.     All of the work that Plaintiff and the FLSA Collective have performed has been assigned by Defendants, and/or Defendants have been aware of all of the work that Plaintiff and the FLSA Collective have performed.

47.     As part of their regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the FLSA Collective. This policy and pattern or practice includes, but is not limited to:

> (a) willfully failing to pay their employees, including Plaintiff and the FLSA Collective, minimum wages for all hours worked up to 40 per workweek and premium overtime wages for all hours worked in excess of 40 hours per workweek; and
>
> (b) willfully failing to record all of the time that their employees, including Plaintiff and the FLSA Collective, have worked for the benefit of Defendants.

48.     Defendants are aware or should have been aware that federal law required them to pay Plaintiff and the FLSA Collective minimum wage for all of the hours they worked up to 40 per workweek and overtime premiums for all hours worked in excess of 40 hours per workweek.

49.     There are many similarly situated current and former Cleaners who have been denied minimum wage and overtime pay in violation of the FLSA who would benefit from the

issuance of a court-supervised notice of this lawsuit and the opportunity to join it. This notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

50.     Plaintiff brings the Third, Fourth, Fifth, Sixth, and Seventh Causes of Action, NYLL claims, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and a class of persons consisting of:

> All persons who work or have worked as Cleaners for Major Cleaning in New York between September 24, 2013 and the date of final judgment in this matter (the "Rule 23 Class").

51.     The Rule 23 Class Members are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

52.     There are more than fifty Rule 23 Class Members.

53.     Plaintiff's claims are typical of those claims that could be alleged by any Rule 23 Class Member, and the relief sought is typical of the relief which would be sought by each Rule 23 Class Member in separate actions.

54.     Plaintiff and the Rule 23 Class Members have all been injured in that they have been uncompensated or under-compensated due to Defendants' common policies, practices, and patterns of conduct. Defendants' corporate-wide policies and practices affected all Rule 23 Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each of the Rule 23 Class Members.

55.     Plaintiff is able to fairly and adequately protect the interests of the Rule 23 Class Members and have no interests antagonistic to the Rule 23 Class Members.

56.     Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented many plaintiffs and classes in wage and hour cases.

57.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries, and damages suffered by each of the individual Rule 23 Class Members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Rule 23 Class Members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual Rule 23 Class Members would create a risk of inconsistent and/or varying adjudications with respect to the individual Rule 23 Class Members, establishing incompatible standards of conduct for Defendants and resulting in the impairment of the Rule 23 Class Members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

58.    Common questions of law and fact exist as to the Rule 23 Class that predominate over any questions only affecting Plaintiff and the Rule 23 Class Members individually and include, but are not limited to, the following:

> (a) whether Defendants failed to pay Plaintiff and the Rule 23 Class minimum wages for all of the hours they worked up to 40 per week;
>
> (b) whether Defendants correctly compensated Plaintiff and the Rule 23 Class for hours worked in excess of 40 per workweek;
>
> (c) whether Defendants correctly compensated Plaintiff and the Rule 23 Class on a timely basis;
>
> (d) whether Defendants failed to furnish Plaintiff and the Rule 23 Class with a proper time of hire wage notice, as required by the NYLL; and
>
> (e) whether Defendants failed to furnish Plaintiff and the Rule 23 Class with accurate statements with every payment of wages, as required by the NYLL.

## **PLAINTIFF'S FACTUAL ALLEGATIONS**

59.    Consistent with their policies and patterns or practices as described herein, Defendants harmed Plaintiff, individually, as follows:

**Juan Tuy**

60.    Juan Tuy was employed by Defendants as a Cleaner from approximately September 2014 through March 6, 2019.

61.    Defendants assigned Tuy to work as a Cleaner at the Viceroy Hotel, 120 West 57th Street, New York, New York 10019 and Rosa Mexicano, 61 Columbus Avenue at West 62nd Street, New York, New York 10023 during his employment.

62.    During his employment, Tuy worked the following scheduled hours, unless he missed time for vacation, sick days, and/or holidays or obtained additional shifts:

(a) Seven days per week, from approximately 11:00 pm to 7:00 am,

with approximately 1 to 2 days off per month.

63.    Defendants paid Tuy on a day rate basis, anywhere between $70 to $80 per day worked.

64.    During portions of his employment, Tuy received less than the applicable minimum wages for all hours worked.

65.    During his employment, Tuy frequently worked over 40 hours per week. In weeks where he worked over 40 hours, Defendants failed to compensate him at a rate of 1.5 times his regular rate of pay.

66.    Furthermore, during his employment, over twenty-five percent of Tuy's duties were physical tasks, including but not limited to: (1) sweeping floors; (2) vacuuming floors; (3) mopping floors; (4) wiping down windows; (5) deep cleaning restaurant dining areas and kitchens, (6)wiping down surfaces; and (7) continuously standing and walking throughout his entire shift.

67.    Despite regularly spending more than twenty-five percent of his shift performing these physical tasks, Tuy has been compensated by Defendants on a bi-weekly basis.

68.    Throughout his employment, Defendants failed to provide Tuy with a proper time of hire wage notice as required by the NYLL.

69.    Through this employment, Defendants failed to provide Tuy with accurate wage statements with each payment of wages as required by the NYLL.

70.    On or around February 26, 2019, Tuy and other Cleaners who worked for Defendants approached De Souza in person to speak about their wages, specifically, the sub-

minimum wages and lack of overtime pay. At this meeting at the Hillstone restaurant, Tuy and other Cleaners complained to De Souza about the sub-minimum wages and lack of overtime pay. De Souza dismissed Tuy and the other Cleaners and informed them he would speak with them individually at their respective restaurant locations.

71.     On or around March 1, 2019, De Souza went to Rosa Mexicano to drop of Tuy's pay.  Tuy once again complained about the sub-minimum wages and lack of overtime pay to De Souza, who again dismissed the complaints.

72.     On or around March 6, 2019, De Souza ordered a supervisor named "Alvaro" to terminate Tuy.  Mr. Tuy was subsequently terminated from employment on or around March 6, 2019.

73.     Tuy at all times performed his job in a satisfactory manner and was otherwise qualified to perform their jobs.

74.     Defendants terminated Tuy's employment in retaliation to his complaints.

**FIRST CAUSE OF ACTION**
**Fair Labor Standards Act – Minimum Wages**
**(Brought on behalf of Plaintiff and the FLSA Collective)**

75.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

76.     At all times relevant, Plaintiff and the FLSA Collective were employed by an entity engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 201 *et seq.*, and/or they were engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 201 *et seq.*

77.     At all times relevant, Plaintiff and the FLSA Collective were or have been employees within the meaning of 29 U.S.C §§ 201 et seq.

78.     At all times relevant, Defendants have been employers of Plaintiff and the FLSA

Collective, engaged in commerce and/or the production of goods for commerce within the meaning

of 29 U.S.C §§ 201 et seq.

79.     Defendants have been required to pay directly to Plaintiff and the FLSA Collective

the full minimum wage rate for all hours worked.

80.     Defendants failed to pay Plaintiff and the FLSA Collective at the applicable

minimum hourly rate for all hours worked.

81.     As a result of Defendants willful violations of the FLSA, Plaintiff and the FLSA

Collective have suffered damages by being denied minimum wages in accordance with the FLSA

in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated

damages, prejudgment interest, attorneys' fees and costs, and other compensation pursuant to 29

U.S.C. §§ 201 *et seq.*

**SECOND CAUSE OF ACTION**
**Fair Labor Standards Act – Overtime Wages**
**(Brought on behalf of Plaintiff and the FLSA Collective)**

82.     Plaintiff realleges and incorporates by reference all allegations in all preceding

paragraphs.

83.     The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and

the supporting federal regulations, apply to Defendants and protect Plaintiff and the members of

FLSA Collective.

84.     Plaintiff and the FLSA Collective worked in excess of 40 hours during workweeks

in the relevant period.

85.     Defendants failed to pay Plaintiff and the FLSA Collective the premium overtime

wages to which they were entitled under the FLSA – at a rate of 1.5 times their regular rate of pay

for all hours worked in excess of 40 per workweek.

86.     As a result of Defendants' willful violations of the FLSA, Plaintiff and the FLSA Collective have suffered damages by being denied proper overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees and costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

### THIRD CAUSE OF ACTION
**New York Labor Law – Minimum Wages**
**(Brought on behalf of Plaintiff and the Rule 23 Class)**

87.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

88.     The minimum wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendants and protect Plaintiff and the Rule 23 Class.

89.     Defendants failed to pay Plaintiff and the Rule 23 Class at the applicable minimum hourly wage for all hours worked.

90.     Due to Defendants' violations of the NYLL, Plaintiff and the Rule 23 Class are entitled to recover from Defendants their unpaid minimum wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest.

### FOURTH CAUSE OF ACTION
**New York Labor Law – Overtime Wages**
**(Brought on behalf of Plaintiff and the Rule 23 Class)**

91.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

92.     The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendants and protect Plaintiff and the Rule 23 Class.

93.     Defendants failed to pay Plaintiff and the Rule 23 Class the premium overtime wages to which they were entitled under the NYLL and the supporting New York State Department of Labor Regulations – at a rate of 1.5 times their regular rate of pay – for all hours worked beyond 40 per workweek.

94.     Due to Defendants' violations of the NYLL, Plaintiff and the New York Class are entitled to recover from Defendants their unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest.

**FIFTH CAUSE OF ACTION**
**New York Labor Law – Failure to Pay Timely Wages**
**(Brought on behalf of Plaintiff and the Rule 23 Class)**

95.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

96.     The timely payment of wages provisions of NYLL § 191 and its supporting regulations apply to Defendants and protect Plaintiff and the Rule 23 Class.

97.     Defendants failed to pay Plaintiff and the Rule 23 Class on a timely basis as required by NYLL § 191(1)(a).

98.     Due to Defendants' violations of the NYLL, Plaintiff and the Rule 23 Class are entitled to recover from Defendants the amount of their untimely paid wages as liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest as provides for by NYLL § 198.

## SIXTH CAUSE OF ACTION
### New York Labor Law – Failure to Provide Proper Annual Wage Notices
### (Brought on behalf of Plaintiff and the Rule 23 Class)

99.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

100.    Defendants have failed to supply Plaintiff the Rule 23 Class with a proper time of hire annual wage notice, as required by NYLL, Article 6, § 195(1), in English or in the language identified as their primary language, at the time of hiring, containing, among other items: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; overtime rate; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

101.    Due to Defendants' violations of NYLL, Article 6, § 195(1), Plaintiff and the Rule 23 Class are entitled to statutory penalties of fifty dollars for each workday that Defendants failed to provide them with wage notices, or a total of five thousand dollars each, as well as reasonable attorneys' fees and costs as provided for by NYLL, Article 6, § 198(1-b).

## SEVENTH CAUSE OF ACTION
### New York Labor Law – Failure to Provide Accurate Wage Statements
### (Brought on behalf of Plaintiff and the Rule 23 Class)

102.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

103.    Defendants failed to supply Plaintiff and the Rule 23 Class with an accurate

statement of wages with every payment of wages as required by NYLL, Article 6, § 195(3), listing: dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

104. Due to Defendants' violations of NYLL, Article 6, § 195(3), Plaintiff and the Rule 23 Class are entitled to statutory penalties of two hundred fifty dollars for each workweek that Defendants failed to provide them with accurate wage statements, or a total of five thousand dollars, and reasonable attorneys' fees and costs as provided for by NYLL, Article 6, § 198(1-d).

**EIGHTH CAUSE OF ACTION**
**Fair Labor Standard Act – Retaliation**
**(Brought on behalf of Plaintiff Juan Tuy, individually)**

105. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

106. Plaintiff engaged in protected activity by making complaints to Defendants regarding their pay practices.

107. Defendants terminated Plaintiff's employment due to his complaints.

108. Defendants' actions were done in order to punish Plaintiff and/or to otherwise interfere with their attempt to vindicate his rights under the FLSA.

109. Due to Defendants' violations of the FLSA, Plaintiff Juan Tuy is entitled to recover from Defendants back pay, front pay, compensatory damages, punitive damages, liquidated damages, and attorneys' fees and costs.

**NINTH CAUSE OF ACTION**
**New York Labor Law – Retaliation**
**(Brought on behalf of Plaintiff Juan Tuy, individually)**

110.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

111.    Plaintiff engaged in protected activity by making complaints to Defendants regarding their pay practices.

112.    Defendants terminated Plaintiff's employment due to their complaints.

113.    Defendants' actions were done in order to punish Plaintiff and/or to otherwise interfere with their attempt to vindicate their rights under the NYLL.

114.    Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants back pay, front pay, compensatory damages, punitive damages, liquidated damages, and attorneys' fees and costs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually, and on behalf of all other similarly situated persons, respectfully request that this Court grant the following relief:

A.    That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all Cleaners who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, worked at Major Cleaning. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B.    Unpaid minimum and overtime wages, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor

Regulations;

C.      Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

D.      Designation of Plaintiff as representative of the Rule 23 Class and counsel of record as Class Counsel;

E.      Unpaid minimum and overtime wages, unlawful deductions of wages, liquidated damages permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

F.      Statutory penalties of fifty dollars for each day that Defendants failed to provide Plaintiff and the members of the Rule 23 Class with wage notices, or a total of five thousand dollars each, as provided for by NYLL, Article 6 § 198;

G.      Statutory penalties of two hundred fifty dollars for each workweek that Defendants failed to provide Plaintiff and the Rule 23 Class with accurate wage statements, or a total of five thousand dollars each, as provided for by NYLL, Article 6 § 198;

H.      Back pay, front pay, compensatory damages, punitive damages, liquidated damages, and attorneys' fees for Plaintiff Juan Tuy pursuant to 29 U.S.C. § 215(3) and NYLL §215(1)(a);

I.      Prejudgment and post-judgment interest;

J.      Reasonable attorneys' fees and costs of the action; and

K.      Such other relief as this Court shall deem just and proper.

19

Dated: New York, New York
      July 8, 2020

Respectfully submitted,

/s/ Armando A. Ortiz
Armando A. Ortiz

**FITAPELLI & SCHAFFER, LLP**
Armando A. Ortiz
28 Liberty Street, 30th Floor
New York, New York 10005
Telephone: (212) 300-0375
aortiz@fslawfirm.com

*Attorneys for Plaintiff and the Putative Class*

## FORMULARIO DE CONSENTIMIENTO DE UNIÓN

1.      Doy mi consentimiento para ser parte demandante en una demanda contra MAJOR CLEANING, INC. y / o entidades e individuos relacionados con el fin de obtener reparación por violaciones de la Fair Labor Standards Act, (*Ley de las Normas Laborales Justas*) de conformidad con 29 USC § 216(b).

2.      Al firmar y devolver este formulario de consentimiento, yo designo Fitapelli & Schaffer, LLP ("La Firma") para representarme y hacer decisiones en mi defensa acerca del caso y cualquier acuerdo extrajudicial. Entiendo que costos razonables hechos en mi defensa serán deducido de cualquier acuerdo extrajudicial o juicio será prorrateado entre todos los otros demandantes. Entiendo que la firma peticionara con la Corte para conseguir los costos de abogado de cualquier acuerdo extrajudicial o juicio en la suma que será el mayor de lo siguiente: (1) la suma "lodestar", que es calculada por multiplicar una tarifa por hora razonable por los números de horas dedicado a la demanda, o (2) 1/3 del total bruto del acuerdo judicial o juicio. Estoy de acuerdo de ser vinculado a cualquier proceso legal de este asunto por la Corte, sea favorable o desfavorable.


*Jua Gabriel Tuy Ruiz*
Firma (Signature)


*Juan Gabriel Tuy Ruiz*
Nombre legal completo (Imprenta) (Full Legal Name (Print))