# MORRISON TENENBAUM

MORRISON-TENENBAUM PLLC, ATTORNEYS-AT-LAW M-T-LAW.COM
87 WALKER STREET 2ND FLOOR NEW YORK NY 10013
PHONE 212.620.0938 FAX 646.998.1972

August 25, 2020

**VIA ECF**
Honorable Valerie E. Caproni
United States District Court, Southern District of New York
40 Centre Street
New York, NY 10007

**Re: Tuy v. Major Cleaning Inc. No. 20-cv-05230 (VEC), (S.D.N.Y.)**

Dear Judge Caproni:

We are counsel for the defendants Major Cleaning Inc. and Adelson De Souza. We write to address our position concerning the unfortunate passing of opt-in plaintiff Timotea Patzan Ajbal. Defendants' position is that Ms. Ajbal's death made it impossible for counsel to file an opt-in form on her behalf, the opt-in form should be deemed null and void, and Ms. Ajbal's claims should be dismissed.

"[W]here an attorney is authorized to act as a legal representative, the death of the client terminates the relationship." *Bingham v Zolt*, 683 F Supp 965, 976 (SDNY 1988)  After the client's death, the attorney may not act further until he is authorized to do so by the successor in interest of the former client." *Id.*; *see also Morales v. CT Holdings, Inc.*, 01 Civ. 1303 (KMW)(KNF), 2001 U.S. Dist. LEXIS 16279, *3, 2001 WL 1204011 (S.D.N.Y. Oct. 9, 2001) ("A decedent's attorney . . . perforce of the decedent's death, ceases to represent him); *Pressman v Estate of Steinvorth*, 860 F Supp 171, 181 (SDNY 1994).

In *Mok v. 21 Mott St. Rest. Corp*, the SDNY sanctioned a lawyer who did not disclose the death of his client for 8 months to Defendants' attorney or the Court and instead obtained an

adjournment and attempted to settle the action. *Mok v 21 Mott St. Rest. Corp.*, No. 14-cv-8081 (PKC), 2017 US Dist LEXIS 145794, *1 (SDNY Sep. 8, 2017).

Citation of *Mok* is not meant to suggest that Plaintiffs' attorney in this action engaged in similar conduct. To his credit, Plaintiffs' attorney advised me of Ms. Ajbal's death in our first substantive discussion of the action. But because Ms. Ajbal was no longer alive when this action was filed and her opt-in consent form was filed, Plaintiffs' attorney had no authority to file on her behalf. "A deceased plaintiff simply no longer has a cognizable interest in the outcome of litigation." *Billino v. Citibank, N.A.*, 123 F.3d 723, 725 (2d Cir. 1997).

We therefore request that Ms. Ajbal's claims be dismissed. It follows that the Court should deny Plaintiffs' request to allow Mr. Tuy to file a substitution motion. Because Ms. Abjal was never a proper plaintiff, and her claims should be dismissed, substitution would be improper.

We thank Your Honor for your attention to this matter.

Respectfully submitted,

/s/ Joshua S. Androphy
Joshua S. Androphy, Esq.

All counsel (VIA ECF)

M+T